IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DISK CORPORATION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>IP VALUE MANAGEMENT, INC.,<br><br>　　　　Defendant. | Case No.: 13-cv-80271 RS (JSC)<br><br>**ORDER RE: ADMINISTRATIVE MOTION TO SEAL (Dkt. No. 2)** |

　　　Now pending before the Court is Plaintiff's Administrative Motion to File Under Seal portions of its also pending Motion to Compel (Dkt. No. 1) and certain exhibits submitted therewith. (Dkt. No. 2.) Plaintiff seeks to file the documents under seal because Defendant designated the documents as highly confidential pursuant to the stipulated protective order governing this action. The motion to seal is granted in part and denied in part as set forth below.

　　　In accordance with Local Rule 79-5(e)(1), Defendant, as the party asserting that the documents are confidential, submitted a declaration in support of Plaintiff's motion to seal. (Dkt. No. 6.) A request for sealing must be "narrowly tailored" and establish that the "document, or portions thereof, are privileged, protectable as trade secret or otherwise entitled

1  to protection under the law." L. R. 79-5(b).  Defendant contends that six of the exhibits
2  submitted with the motion to compel and portions of the motion to compel contain highly
3  confidential information, and thus, should be filed under seal.  The Court finds that Defendant
4  has established good cause for sealing Exhibits A, B, C and F.  The motion is therefore
5  granted with respect to these exhibits.

6  However, the Court finds that Defendant's request to seal Exhibits D and E and portions of the motion to compel is not narrowly tailored to only seek sealing of protectable material.  Exhibit D is Defendant's privilege log—a privilege log should not contain confidential information as a privilege log by its very purpose seeks to shield confidential information from disclosure and only contains that information which is necessary to show that the underlying documents are privileged.  Exhibit E, a letter from Defendant's counsel to Plaintiff's counsel regarding the privilege log which consists of legal arguments regarding why the material in the privilege log is confidential, is likewise not properly sealable.  Similarly, the portions of the motion to compel referring to either of these exhibits is not subject to sealing.

Accordingly, the administrative motion to seal is GRANTED IN PART and DENIED IN PART.  (Dkt. No. 2.)   Plaintiff shall file a revised redacted version of its motion to compel and unredacted versions of Exhibits D and E in accordance with Rule 79-5(f) within seven days.

**IT IS SO ORDERED.**

Dated: December 13, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE